## YOAKEM, Plaintiff-Appellee, v. WILLIAMS, Defendant, CITY LOAN AND SAVINGS COMPANY, Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4790. Decided October 17, 1952.

O. R. Crawfis, Charles M. Rosenberry Jr., Columbus, for plaintiff-appellee and receiver, Robert Emerson Potts.

Meredith & Meredith, Harold J. Meredith, of Counsel, Lima, Robert R. Shaw, Columbus, for appellant.

## OPINION

By THE COURT.

The appeal is taken from the dismissal of objections of the defendant-appellant, the City Loan and Savings Company, to the final report and entry dismissing receiver and to journal entry of Court filed on April 18, 1951, upon report and application of Receiver for instructions and the overruling of motion for new trial.

Appellant held a chattel mortgage securing the sum of $1075.79 on a Philco refrigerator and Sweden Speed freezer. There was no question but that the mortgage was valid and that it had been duly filed. The Receiver was named on an application of an unsecured creditor and one of the purposes stated to support the appointment was that the business might be operated by the Receiver so that unsecured creditors might realize something on their claims. The Court, after notice to claimants, including appellant, ordered the Receiver to carry on the business. No objection was made to this order by appellant but later, and after the business had been conducted for a considerable period of time, appellant made application for the return to it of the specific property upon which it had a mortgage. The Court held against this application upon the theory that it came too late.

Thereafter the Receiver made application to the Court for an order of sale. The property was ordered sold and brought an insufficient amount to pay preferred creditors, mortgagees, Court costs and taxes and nothing whatever was realized for general creditors. The Court approved an order allowing Court costs, certain taxes that had accrued during the operation of the business, compensation to the Receiver and to his attorneys and to an auditor for the Receiver who had been appointed by the Court and, after these claims were paid, the appellant to be paid on its mortgage claim 12% of the estimated funds in the hands of the Receiver received from the sale of chattels on which the said City Loan and Savings Company held a chattel mortgage, which was the sum of $79.56.

It is insisted that the order of distribution is invalid. Two Common Pleas Judges have held that the conduct of appellant respecting the Court orders prior to the order of distribution constitute an acquiescence in the act of the Receiver in the

carrying on of the business and that the claims which were ordered paid prior to the claim of the mortgage creditors were properly awarded preference.

It should be noted that appellant took no appeal from the order denying the application for a surrender of the mortgaged property. This action by the Court was predicated upon the consent or acquiescence of appellant to the conduct of the business of receivership. Manifestly, the Receiver could not have required any mortgagee to pay any part of the carrying on of the business of the Owl Inn had timely objection been made by a mortgagee.

An examination of the journal entries in this case indicate that it is very doubtful if the application of appellant for reconsideration was appropriate or in time and certainly, if it be treated as a motion for new trial, it was not within time. Then, too, it is obvious that the full order which Judge Reynolds indicated should be made in his decision of September 14, 1951, was not journalized.

We are in grave doubt if all of the taxes which were the subject matter of the allowance by the Court should have been paid prior to the mortgage claims. Some of them and, possibly, some part of all of them should have been so paid. The Court ordered only a proportionate part of these tax claims paid, about 40%. We cannot, therefore, find to what extent any mortgagee, and especially the appellant, could have been prejudiced, if at all by the order on which the appeal is taken.

The appellant has lost heavily by the administration of this receivership but, in great part, at least, it is the result of the failure to protect its interest in a timely manner. If we had the power to replace the parties in the status which they bore to the property before the appointment of Receiver or immediately before sale, we might afford some relief to appellant. As the record comes to us we can do nothing but affirm the judgment. It will be so ordered.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4790. Decided November 12, 1952.

### OPINION

By THE COURT.

Submitted on application of appellant for rehearing on our decision of October 17, 1952.

Our rules now make no provision for application for re-

hearing and it is only in exceptional cases that they are entertained.

We find nothing in the application which requires a reconsideration of any of the matters discussed and decided in our opinion.

The application therefore will not be entertained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.